## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MAEVE AND JEFFLEE HERMIDA,     )
individually and on behalf of themselves and all )
others similarly situated,     )
     )
     Plaintiffs,     )
     )
     -vs.     )
     )
Archstone, Archstone Avenir GP LLC,     )
Archstone Avenir LP, ASN Park Essex LLC,     )     Case No. _____
ASN Quincy LLC, ASN Quarry Hills LLC,     )
ASN Bear Hill LLC, ASN North Point I LLC,     )
ASN North Point II LLC, ASN CambridgePark )
LLC, Archstone Cronin's Landing, ASN     )
Watertown LLC, Archstone Communities,     )
LLC, Archstone Kendall Square, and Archstone )
Reading.     )
     )
     Defendants.     )

## NOTICE OF REMOVAL

Defendant Archstone, f/k/a Archstone Smith Operating Trust ("Defendant" or "Archstone")

hereby gives notice of the removal of this action from the Massachusetts Housing Court, City of

Boston Division, C.A. No. 10-CV-870, to the United States District Court, District of

Massachusetts, pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453. Defendant bases this removal on

the provisions of the Class Action Fairness Act of 2005 ("CAFA"). The grounds for removal are as

follows:

### I.    Procedural Background and Nature of the Action

1.    Plaintiffs filed this putative class action in the Massachusetts Housing Court, City of

Boston Division, on October 28, 2010, naming Defendant and fourteen other related entities as

defendants. Defendant was served with the Class Action Complaint on November 12, 2010. (*See*

Exhibit 1 to Affidavit of Diane R. Rubin ("Rubin Aff."), filed contemporaneously herewith.)

2.      Plaintiffs allege that defendants are civilly liable under Mass. Gen. Laws c. 186, § 15B and c. § 93A for an amenity use fee charged in relation to Plaintiffs' residential lease at Archstone Reading.  Archstone Reading was an apartment complex located in Reading, Massachusetts that is no longer owned or operated by Defendant or any other Archstone entity. (*See* Compl. ¶ 1.)

3.      Plaintiffs purport to bring their case as a class action on behalf of "people who have lived in Archstone properties in Massachusetts from October 28, 2006 up to and including the present day."  (Compl. ¶ 53.)

4.      Plaintiffs assert legal claims for violations of both the security deposit and consumer protection statutes, and also seek declaratory judgment declaring Archstone's collection of amenity fees in violation of those statutes.  They seek recovery of their amenity fee plus interest, trebling of their alleged damages, plus fees, costs, and pre-judgment interest.  (Compl. ¶¶ 62-73.)

## II.      This Case is Removable Under the Class Action Fairness Act

5.      CAFA applies to civil class actions commenced on or after February 18, 2005.  *See* CAFA § 9, Pub. L. No. 109-2 § 9, 119 Stat. 4, 14.

6.      Plaintiffs filed and served their Class Action Complaint after the effective date of CAFA.  As such, Defendant may remove this putative class action to federal court pursuant to CAFA so long as there are more than 100 proposed class members, minimal diversity exists between the parties, and there is at least $5 million in controversy.  *See* 28 U.S.C. § 1332 (d)(2), (d)(5)(B) and (d)(d)(A).

***The Number of Proposed Class Members is Greater Than 100***

7.      Plaintiffs bring this action on behalf of a class consisting of "people who have lived in Archstone properties in Massachusetts from October 28, 2006 up to and including the present day." (Compl. ¶ 53.)  Plaintiffs also allege that "Archstone owns and manages approximately 3,000 units in Massachusetts apartment buildings and previously managed five other apartment complexes in the Commonwealth that have since been sold or closed." (*Id*. at ¶ 52.)

8.      Even assuming that only a tiny fraction of the 3,000+ units allegedly owned and/or operated by defendants were occupied by just a single individual during the proposed class period, the requirement that the proposed class exceed 100 members is readily satisfied on the face of the Complaint.  *See* 28 U.S.C. § 1332(d)(5)(B).

***Minimal Diversity Exists***

9.      Minimal diversity exists under CAFA if "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

10.     Plaintiffs are citizens of Massachusetts.

        (a)     Plaintiffs allege that they "are a married couple residing at 12 Century Street, Medford, Massachusetts." (Compl. ¶ 2.)

        (b)     Plaintiffs further allege that they were residents of Archstone Reading in Reading, Massachusetts, during the relevant time period. (*Id.*)

        (c)     Although "citizenship" of an individual for purposes of establishing diversity jurisdiction is equated with "domicile," and not mere "residence," it is entirely reasonable based on the allegations of the Complaint to conclude that Plaintiffs are domiciled in Massachusetts, i.e., that "it is the place where [they, as individuals, have their] true, fixed home and principal establishment, and to which, whenever [they are] absent, [they] ha[ve] the intention of returning. " *See Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001).

3

11.     Defendant Archstone is a citizen of the States of Maryland and Colorado.

(a)     A corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Under CAFA, the citizenship of an "unincorporated association" is both that of the state under whose laws it was organized and of the state where it has its principal place of business.  *See* 28 U.S.C. §1332(d)(10).

(b)     Plaintiffs' Complaint alleges that Defendant Archstone "is a voluntary association/trust organized to do business in Colorado with a Massachusetts office in Boston. (Compl. ¶ 3).

(c)     In fact, Defendant Archstone is a real estate investment trust organized under Maryland law.  (*See* Affidavit of Thomas Reif ("Reif Aff.")*, at ¶ 2, filed contemporaneously herewith.)

(d)     As an unincorporated association, Defendant's principal place of business is defined by the location of its "nerve center" – meaning, normally, "where the corporation maintains its headquarters." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (Feb. 23, 2010) (abrogating *Diaz-Rodriguez v. Pep Boys Corp.*, 410 F3d 56, 61 (1st Cir. 2005), which had required a determination as to whether the "never center test" or the "locus of operations test" would apply, depending on the characteristics of the entity).

(e)     Archstone has no employees.  It principally operates as a holding company. Archstone's senior officers are based at 9200 E. Panorama Circle, Englewood, Colorado and control company affairs and policy from that location.  Archstone's legal functions are controlled from the same location.  Archstone's only appreciable contacts with the public occur through its senior officers in Englewood, Colorado.   (*See* Reif Aff., at ¶¶ 3-6.)

(f)    Based on these facts, Archstone should be considered a dual citizen of both Maryland and Colorado.

(g)    Archstone is therefore a citizen of at least one state different than that of Plaintiffs, and the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**The CAFA Amount in Controversy Requirement is Satisfied**

12.    Under CAFA, "the claims of individual class members *shall be aggregated* to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6) (emphasis added).  CAFA's statutory history makes clear that this aggregation rule must be applied liberally in favor of removal:

> Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs).  *The Committee intends this subsection to be interpreted expansively.*  If a purported class action is removed pursuant to these jurisdictional provisions, *the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident* (i.e., that the applicable jurisdictional requirements are not satisfied).

> By the same token, the Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief) . . . .

> The Committee also notes that in assessing the jurisdictional amount in declaratory relief cases, the federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants.

S. Rep. No. 109-14, at 42-43 (2005) (emphasis added).

13.     Plaintiffs' aggregated claims exceed $5 million.

(a)     Plaintiffs seek to represent "people who have lived in" at least "3000 units in 11 Massachusetts apartment buildings" – plus residents of an additional five apartment complexes in the Commonwealth – over a four year period.  (Compl. ¶¶ 52-53.)

(b)     Plaintiffs allege that "Archstone has always charged Massachusetts tenants [an] 'amenity use fee' of between $450 and $750."  (*Id.* at ¶ 33.)

(c)     Plaintiffs seek treble damages pursuant to Mass. Gen. Laws c. 93A.  (*Id.* at p. 12, "Prayer for Relief" subsection "B.")

(d)     Plaintiffs' August 3, 2010 written demand, expressly referenced at Compl. ¶¶ 50, 70, supports removal.  Based on the assumptions that: 1) each of the 3000 units allegedly still owned or operated by Defendants (and not even taking into account the additional five complexes at issue, including the one where Plaintiffs themselves lived) would have been rented at least twice during the proposed class period; 2) the average amenity fee paid was $612.50; and 3) damages recoverable would include "three times" the amenity fee, Plaintiffs demanded $11,025,000 on behalf of themselves and the putative class.  (*See* Plaintiffs' August 3, 2010 Demand Letter, attached as Exhibit 2 to the Rubin Aff.)

(e)     Given the size of the putative class and the type and amount of damages sought, the amount at issue for all putative class members' claims easily exceeds $5 million.

(f)     Accordingly, this case satisfies CAFA's amount in controversy requirement of $5 million.

## III.     Plaintiffs Will Be Unable To Show That Their Action Qualifies For a CAFA Exception

14.     It is Plaintiffs' burden to prove that an exception to CAFA-based federal jurisdiction applies.  *Hannaford Bros. Co. Customer Data Security Breach Litig.*, 564 F.3d 75, 78 (1st Cir. 2009) ("We hold that the burden is on the plaintiff to show that an exception to jurisdiction under

CAFA applies."); *see also McMorris v. The TJX Companies, Inc.*, 493 F. Supp. 2d 158, 165 (D.

Mass. 2007) ("As the proponent of the [CAFA] exception, [Plaintiffs' class] bears the burden" of

proving its applicability).

15.     If Plaintiffs move to remand this action based upon any exception to CAFA,

including either the "home state" exception or the "local controversy" exception, they will be

unable to prove that their case qualifies.  Defendant expressly reserves its right to further brief this

issue if and when Plaintiffs move to remand this case to state court on either ground.

**III.**     **Defendant Has Complied With All Prerequisites for Removal.**

16.     Removal is timely under CAFA and 28 U.S.C. § 1446(b), which gives a removing

party 30 days from service to remove an action to federal court.  Defendant was served with the

Complaint on November 12, 2010.

17.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give Plaintiffs contemporaneous

written notice of this filing, and will file a copy of its Notice of Removal with the Massachusetts

Housing Court, City of Boston Division.

18.     Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings and orders served

upon Defendant are attached.  (Exhibit 1 to Rubin Aff.)

19.     Defendant reserves the right to amend or supplement this Notice of Removal, and

reserves all rights and defenses, including those available under Fed. R. Civ. P. 12.

20.     Defendant requests a jury trial in this case.

## CONCLUSION

For all the reasons stated above, this action is a civil action over which this court has

original jurisdiction pursuant to 28 U.S.C. § 1332(d).

**WHEREFORE**, Defendant respectfully removes this case to the United States District Court for the District of Massachusetts.

Defendant

ARCHSTONE F/K/A ARCHSTONE SMITH
OPERATING TRUST,
By their attorneys,


_/s/ Diane R. Rubin_
Diane R. Rubin, BBO # 547088
drubin@princelobel.com
Amy B. Hackett, BBO# 676345
ahackett@princelobel.com
**PRINCE, LOBEL, GLOVSKY & TYE LLP**
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel:  617.456.8000

And

Peter Strand, Esq.
Rebecca J. Schwartz, Esq.
SHOOK HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO  64108-2613

Dated: December 2, 2010