**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MAEVE AND JEFFLEE HERMIDA, individually and on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs. | ) ) ) | |
| Archstone, Archstone Avenir GP LLC, Archstone Avenir LP, ASN Park Essex LLC, ASN Quincy LLC, ASN Quarry Hills LLC, ASN Bear Hill LLC, ASN North Point I LLC, ASN North Point II LLC, ASN CambridgePark LLC, Archstone Cronin's Landing, ASN Watertown LLC, Archstone Communities, LLC, Archstone Kendall Square, and Archstone Reading. | ) ) ) ) ) ) ) ) ) ) ) | Case No. _____ |
| Defendants. | ) ) | |

**AFFIDAVIT OF DIANE R. RUBIN IN SUPPORT OF
DEFENDANT ARCHSTONE'S NOTICE OF REMOVAL**

DIANE R. RUBIN, an attorney duly admitted to practice law before all the Courts of the

Commonwealth of Massachusetts, pursuant to 28 U.S.C. §1746 hereby declare and state:

1.     I am partner with the law firm Prince & Lobel, and am defense counsel in the

above-captioned action. I submit this declaration in support of Defendant Archstone's Notice of

Removal in order to put before the Court the following attachments.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Class Action

Complaint and related service documents.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the demand letter received by Archstone and referenced at ¶¶50 and 70 of Plaintiffs' Class Action Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2010

/s/ Diane R. Rubin
DIANE R. RUBIN

# EXHIBIT 1

 CT Corporation

**Service of Process-**
**Transmittal**
11/12/2010
CT Log Number 517594474

TO:   Cynthia Dawson, Paralegal
      Archstone
      9200 E. Panorama Circle, Suite 400
      Englewood, CO 80112

RE:   **Process Served in Massachusetts**

FOR:  Archstone Cronin's Landing (Assumed Name) (Domestic State: DE)
      Archstone Cronin's Landing LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Maeve and Jefflee Hermida, individually and on behalf of all others similarly situated, Pltfs. vs. Archstone, et al. including Archstone Cronin's Landing LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service Form, Complaint, Demand for Jury Trial |
| **COURT/AGENCY:** | Boston Housing Court, Suffolk County, MA<br>Case # 10-cv-870 |
| **NATURE OF ACTION:** | Monies Due and Owing - Action for violations of the Massachusetts Security Deposit Statue and unfair and deceptive business practices |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/12/2010 at 13:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Matthew J. Fogelman<br>Fogelman & Fogelman LLC<br>100 Wells Avenue<br>Newton, MA 02459<br>617-559-1530 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 796446493842<br>Image SOP<br>Email Notification, Tom Reif treif@archstonemail.com<br>Email Notification, Cynthia Dawson cdawson@archstonemail.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Dahrlena Mitchell<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>617-757-6404 |

Page 1 of  1 / GB

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.



## The Commonwealth of Massachusetts

### HOUSING COURT DEPARTMENT

CITY OF BOSTON DIVISION
24 NEW CHARDON STREET
BOSTON, MA 02114-4703

JEFFREY M. WINIK
FIRST JUSTICE

ROBERT L. LEWIS
CLERK MAGISTRATE

SUFFOLK, SS:

TEL: (617) 788-8487

NO. / 1 / 0 / C / V / 8 / 7 / 0 / / / /

MAEVE AND JEFFLEE HERMIDA, ET AL. _____ PLAINTIFF(S)

vs.

ARCHTONE, ET AL. _____ DEFENDANT(S)

### SUMMONS

To the above-named Defendant:   ARCHSTONE CRONIN'S LANDING c/o CT Corporation, 155 Federal Street Suite 700, Boston, MA 02110

You are hereby summoned and required to serve upon ........KEVIN T. PETERS, ESQ.............

................................................., plaintiff's attorney, whose address is ................................

TODD & WELD LLP, 28 STATE STREET, BOSTON, MA 02109

...................................................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ................................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, JEFFREY M. WINIK, First Justice, at Boston, the .............10th.................................

day of ....................NOVEMBER....., in the year of our Lord two thousand .............TEN................. .

...............................................................
CLERK MAGISTRATE

<div style="writing-mode: vertical">
NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.
</div>

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rule of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTIFICACIÓN PARA LAS PERSONAS DE HABLA HISPANA: SI USTED NO PUEDE LEER INGLÉS, TENGA ESTE DOCUMENTO LEGAL TRADUCICO CUANTO ANTES.

Form H.C. Civ. P. 1



## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................. , 20...................., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 **(d) (1-5)**:

......................................................................................................................................................

......................................................................................................................................................

......................................................................................................................................................

Dated:                                  , 20              .     ...................................................................

**N.B.**        **TO PROCESS SERVER:—**
               PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
               **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

|  |
|---|
| , 20              . |

The Commonwealth of Massachusetts

SUFFOLK, ss.

BOSTON HOUSING COURT
CIVIL ACTION

NO. ...................

..................... PLAINTIFF

vs.

..................... DEFENDANT

**SUMMONS**

(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                           HOUSING COURT DEPARTMENT
                                       C.A. NO.  _10-CV-870_

MAEVE AND JEFFLEE HERMIDA,          )
individually and on behalf          )
of all others similarly situated,   )
                                    )
          Plaintiffs,               )
                                    )
v.                                  )          JURY TRIAL DEMANDED
                                    )
Archstone, Archstone Avenir GP LLC, )
Archstone Avenir LP, ASN Park Essex LLC )
ASN Quincy LLC, ASN Quarry Hills LLC, )
ASN Bear Hill LLC,  ASN North Point I LLC, )
ASN North Point II LLC, ASN         )
CambridgePark LLC, Archstone Cronin's )
Landing, ASN Watertown LLC,         )
Archstone Communities, LLC, Archstone )
Kendall Square, and Archstone Reading )
                                    )
          Defendants                )

## CLASS ACTION COMPLAINT

I.    **INTRODUCTION**

      1.    Plaintiffs Maeve Glynn Hermida and Jefflee Hermida ("Plaintiffs," or the

"Hermidas") bring this Class Action Complaint against Archstone and Archstone's various

Massachusetts-related LLC's and entities (collectively, "Archstone"); on their own behalf and

that of all others similarly situated.  Plaintiffs seek declaratory, injunctive, and monetary relief to

remedy Archstone's unlawful practices involving improperly charging tenants a so-called

"amenity use fee" in violation of Mass G. L. c. 186 §15B and c. 93A.

## II.   PARTIES

2.     Plaintiffs Maeve Glynn Hermida and Jefflee Hermida are a married couple residing at 12 Century Street, Medford, Massachusetts.  During the relevant time period, Plaintiffs resided at the Archstone Reading complex at 4 Archstone Circle, Unit 302, Reading, Massachusetts.

3.     Defendant Archstone, formerly known as Archstone-Smith Operating Trust, is a voluntary association/trust organized to do business in Colorado with a Massachusetts office in Boston.

4.     At all times material hereto, Archstone was engaged in the business of leasing residential property to tenants in Massachusetts under various trade names, including but not limited to the following:

5.     Defendant ASN Park Essex LLC is a foreign limited liability company organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts.  At all times material hereto, ASN Park Essex LLC was engaged in the business of leasing residential property to tenants in Massachusetts.

6.     ASN Park Essex LLC is the legal owner of the "Archstone Boston Common" rental property at 660 Washington Street, Boston.

7.     Defendant Archstone Avenir GP LLC is a foreign limited liability company organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts.

8.     Defendant Archstone Avenir LP is a foreign limited partnership organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in

2

Massachusetts. At all times material hereto, Archstone Avenir LP was engaged in the business of leasing residential property to tenants in Massachusetts.

9.     Archstone Avenir LP is the legal owner of the "Archstone Avenir" rental property at 101 Canal Street, Boston.

10.     Archstone Avenir GP LLC is the general partner of Archstone Avenir LP.

11.     Defendant Archstone Cronin's Landing LLC, formerly known as Tishman Speyer Archstone-Smith Cronin's Landing LLC, is a foreign limited liability company organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. Archstone Cronin's Landing LLC is the owner of the "Archstone Cronin's Landing" rental property, 25 Crescent Street, Waltham.

12.     At all times material hereto, Archstone Cronin's Landing LLC was engaged in the business of leasing residential property to tenants in Massachusetts. The LLC's manager is Defendant Archstone.

13.     Defendant ASN CambridgePark LLC is a foreign limited partnership organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. At all times material hereto, ASN CambridgePark LLC was engaged in the business of leasing residential property to tenants in Massachusetts. It is the legal owner of the "Archstone CambridgePark" rental property at 30 CambridgePark Drive, Cambridge. Henry J. Bunis, who on information and belief resides at One Leighton Street, Cambridge, Massachusetts, is one of its members.

14.     Defendant ASN Kendall Square LLC is a foreign limited partnership organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. At all times material hereto, ASN Kendall Square LLC was engaged

in the business of leasing residential property to tenants in Massachusetts. It is the legal owner of the "Archstone Kendall Square" rental property at 195 Binney Street, Cambridge.

15.   Defendant Archstone North Point LLC is a foreign limited liability company organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. This entity filed a certificate of withdrawal in August 2010. At all times material hereto until August 2010, Archstone North Point LLC was engaged in the business of leasing residential property to tenants in Massachusetts.

16.   Defendant Archstone North Point I LLC is a foreign limited liability company organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. At all times material hereto, Archstone North Point I LLC was engaged in the business of leasing residential property to tenants in Massachusetts. Archstone North Point I LLC is the owner of the "Archstone North Point" rental property, One Leighton Street, Cambridge.

17.   Defendant Archstone North Point II LLC is a foreign limited liability company organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. At all times material hereto, Archstone North Point II LLC was engaged in the business of leasing residential property to tenants in Massachusetts.

18.   Defendant ASN Quarry Hills LLC is a foreign limited partnership organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. At all times material hereto, ASN Quarry Hills LLC was engaged in the business of leasing residential property to tenants in Massachusetts. It is the legal owner of the "Archstone Quarry Hills" rental property at 333 Ricciuti Drive, Quincy. Henry J. Bunis, who

on information and belief resides at One Leighton Street, Cambridge, Massachusetts, is one of its members.

19.     Defendant ASN Quincy LLC is a foreign limited partnership organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. At all times material hereto, ASN Quincy LLC was engaged in the business of leasing residential property to tenants in Massachusetts. It is the legal owner of the "Archstone Quarry" rental property at 95 West Squantum Street, Quincy. Henry J. Bunis, who on information and belief resides at One Leighton Street, Cambridge, Massachusetts, is one of its members.

20.     Defendant ASN Bear Hill LLC is a foreign limited partnership organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. At all times material hereto, ASN Bear Hill LLC was engaged in the business of leasing residential property to tenants in Massachusetts. It is the legal owner of the "Archstone Bear Hill" rental property at 1449 Main Street, Waltham.  Henry J. Bunis, who on information and belief resides at One Leighton Street, Cambridge, Massachusetts, is one of its members.

21.     Defendant ASN Watertown LLC is a foreign limited partnership organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. At all times material hereto, ASN Watertown LLC was engaged in the business of leasing residential property to tenants in Massachusetts.  It is the legal owner of the "Archstone Watertown Square" rental property at 20 Watertown Street, Watertown.  Henry J. Bunis, who on information and belief resides at One Leighton Street, Cambridge, Massachusetts, is one of its members.

5

22.     Defendant Archstone Communities LLC, formerly known as Archstone-Smith Communities LLC, is a foreign limited liability company organized under the laws of Delaware, with a principal office in Colorado, which is registered to do business in Massachusetts. Henry J. Bunis, who on information and belief resides at One Leighton Street, Cambridge, Massachusetts, is one of its members.

23.     Archstone-Reading was formerly an apartment complex in Reading operated and managed by Archstone. The Plaintiffs resided there during the relevant time period. It no longer exists.

24.     Archstone 2000 Commonwealth was formerly an apartment complex in Brighton operated and managed by Archstone at 2000 Commonwealth Avenue, Brighton. It is no longer owned or operated by Archstone.

25.     Archstone Burlington was formerly an apartment complex in Burlington operated and managed by Archstone. It is no longer owned or operated by Archstone.

26.     Archstone Canton was formerly an apartment complex in Canton operated and managed by Archstone. It is no longer owned or operated by Archstone, and is now called Waterfall Hills at Canton, 367 Bolivar Street, Canton.

27.     Archstone Vinnin Square was formerly an apartment complex in Salem operated and managed by Archstone at One Carol Way, Salem. It is no longer owned or operated by Archstone.

## III.     JURISDICTION AND VENUE

28.     This court has jurisdiction over Defendants because they own and operate businesses in Massachusetts.

29.     Venue lies here because Archstone rents and manages multiple rental properties in Suffolk County, improperly charges the amenity fee in Suffolk County, and has a resident agent appointed to accept service of process in Boston.

## IV.   FACTS

### A.     THE MASSACHUSETTS SECURITY DEPOSIT STATUTE

30.     The Massachusetts Security Deposit statute, c. 186 §15B, unambiguously provides that "at or prior to the commencement of any tenancy, no lessor or landlord may require a tenant or prospective tenant to pay any amount in excess of or except the following:

- Rent for the first full month of occupancy;
- Rent for the last full month of occupancy calculated at the same rate as the first month;
- A security deposit equal to the first month's rent provided that such security deposit is deposited as required by subsection (3) – involving an interest-bearing account -- and that the tenant is given a statement of condition;
- The purchase and installation cost for a key and lock."

31.     A landlord or lessor cannot compel tenants to pay any additional amounts of money for any additional items or services beyond the above-enumerated items.

32.     The Attorney General has similarly promulgated administrative regulations which expressly prohibit a landlord/lessor from charging amounts in addition to these four permissible charges.  See 940 C.M.R. §3.17(4)(a).  Any additional payments required by a landlord/lessor are considered an unlawful and/or deceptive business practice proscribed by chapter 93A – the Massachusetts Consumer Protection Act. See id.

### B.     ARCHSTONE'S UNLAWFUL "AMENITY USE FEE"

33. .   Upon information and belief, Archstone has always charged Massachusetts tenants a so-called "amenity use fee" of between $450 and $750

34.    This fee is required to be paid at, or prior to, the commencement of a new tenancy at any of the above-referenced Archstone rental properties.

35.    The "amenity use fee" is not used to offset first month's rent.

36.    The "amenity use fee" is not used to offset last month's rent.

37.    The "amenity use fee" is not held in an interest-bearing account for the benefit of the tenant.

38.    The "amenity use fee" is non-refundable at the termination of the tenancy.

39.    Archstone does not generate a statement of conditions at the inception or the termination of the tenancy.

40.    If there is any damage to the tenant's unit, which is or may be attributable to the tenant at the termination of the tenancy, Archstone separately bills the tenant for the repairs.

41.    The "amenity use fee" is not used to offset the cost of any damage attributable to the tenant.

42.    The "amenity use fee" is not used to replace and/or install a lock and key.

43.    On its current website, Archstone lists the amenity fee under a section entitled "charges."


C.    **SPECIFIC FACTS RELEVANT TO THE HERMIDAS**

44.    The Hermidas lived at Archstone Reading between approximately May 2007 and November 2009.

45.    In or about May of 2007, the Hermidas were required to pay a $450 "amenity use fee" at the commencement of their tenancy.

8

46.     The "amenity use fee" was not used to offset their first month's use and occupancy.

47.     The "amenity use fee" was not used to offset their last month's use and occupancy.

48.     Upon the termination of their tenancy, the "amenity use fee" was not refunded with interest.

49.     The "amenity use fee" was not used to replace and/or install a lock and key.

50.     On August 3, 2010, the Hermidas made demand upon Archstone pursuant to M.G.L. c. 93A on behalf of themselves and all similarly situated individuals.

51.     To date, Archstone has failed to respond with a reasonable offer of settlement that would adequately compensate the Hermidas and all similarly situated individuals.


V.      **FACTUAL BASIS FOR CLASS CERTIFICATION**

52.     Upon information and belief, Archstone owns and manages approximately 3,000 units in 11 Massachusetts apartment buildings and previously managed five other apartment complexes in the Commonwealth that have since been sold or closed.

53.     The class is composed of people who have lived in Archstone properties in Massachusetts from October 28, 2006 up to and including the present day.

54.     Based on the typical turnover in the apartment building industry, coupled with the number of units managed by Archstone in Massachusetts, the prospective class numbers in the thousands, making joinder of all members impractical.

55.     The exact size of the proposed class and the identity of the class members will be readily ascertainable from Archstone's business records.

9

56.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal common issue with respect to the class is whether Archstone's charging of the amenity fee violated the Security Deposit Statute and Chapter 93A.

57.     There are no difficulties likely to be encountered by the Court in the management of this proposed class action. There are no individual questions, other than those which can be determined by ministerial inspection of Archstone's records, and the issues of liability are determinable entirely from the face of the operative documents and statutory interpretation.

58.     The Hermidas' class claims are typical of those of the class they seek to represent, and they will fairly and adequately protect and represent the interests of the class. There is no conflict between the claims of the Hermidas as class representative and the claims of the proposed class.

59.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. In addition, it is likely that most class members are unaware that they have claims.

60.     The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against Archstone.

61.     The Hermidas are represented by counsel competent and experienced in both consumer protection and class action litigation.

## VI.  CAUSES OF ACTION

### COUNT I
Violations of G. L. c. 186 § 15(b),
The Massachusetts Security Deposit Statute

62.     Plaintiffs incorporate the allegations in paragraphs 1 through 61 by reference.

63.     Archstone's charging of the "amenity fee" violates Mass G. L. c. 186 § 15(b), the Security Deposit Statute.

64.     The amenity payment is not held in escrow for the benefit of the tenant; it does not accrue interest; it is non-refundable at the end of the tenancy; it is not used to offset first or last month's rent; it does not appear to be considered a security deposit (since it is non-refundable and not kept in an interest-bearing account); and it does not defray costs to replace the lock and key.

65.     Plaintiffs and the members of the class have been injured by Archstone's failure to abide by the Security Deposit Statute.

### COUNT II
Violations of G. L. c. 93A § 2
Unfair and Deceptive Business Practices

66.     Plaintiffs incorporate the allegations in paragraphs 1 through 65 by reference.

67.     By engaging in the conduct complained of, Archstone engaged in unfair and deceptive acts and practices, in violation of M.G.L. c. 93A.

68.     Archstone's unfair and deceptive practices include, without limitation, the charging and collecting of an amenity fee in violation of G. L. c. 186 § 15(b).

69.     Archstone performed the actions described herein willfully and knowingly, or with reckless disregard of applicable law, all within the meaning of G.L. c. 93A § 9.

11

70.     On August 3, 2010 Plaintiffs made a written demand for compensation on behalf of the putative class. Archstone declined to tender a reasonable settlement offer.

## COUNT III
Declaratory Judgment

71.     Plaintiffs incorporate the allegations in paragraphs 1 through 70 by reference.

72.     An actual controversy has arisen regarding Archstone's compliance with G. L. c. 186 § 15(b).

73.     Pursuant to M.G.L. c. 231A, § 1, the Hermidas and class members seek a declaration that Archstone's conduct violates the Security Deposit Statute as alleged in Count I and violates c. 93A, as alleged in Count II.

## VII.   PRAYER FOR RELIEF

WHEREFORE, the Hermidas respectfully pray for relief as follows:

A.     For an order certifying this case as a class action;

B.     For judgment in an amount to be proven at trial, trebled for Archstone's willful violation of c. 93A;

C.     For a declaration that Archstone's conduct as outlined above violates c. 186 § 15B and c. 93A, and that class members are entitled to a refund of their amenity fee payment, plus interest;

D.     For an award of attorney's fees, costs and expenses pursuant to c. 93A, § 9;

E.     For pre-judgment interest to the extent permitted by law; and

F.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Hermidas demand a trial by jury of all issues so triable.

Respectfully submitted,

MAEVE GLYNN HERMIDA AND JEFFLEE
HERMIDA,

By their Attorneys,

Matthew J. Fogelman (BBO # 653916)
FOGELMAN & FOGELMAN LLC
100 Wells Avenue
Newton, MA 02459
(617) 559-1530
mjf@fogelmanlawfirm.com


Kevin T. Peters (BBO # 550522)
TODD & WELD LLP
28 State Street
Boston, MA 02109
(617) 720-2626
kpeters@toddweld.com

Dated: October 28, 2010

13

# EXHIBIT 2



MATTHEW J. FOGELMAN
EMAIL: MJF@FOGELMANLAWFIRM.COM

FOGELMAN
&
FOGELMAN

100 WELLS AVENUE, NEWTON, MA 02459
PHONE: 617.559.1530 FAX: 617.505.1540

August 3, 2010

## MASS. GEN. LAWS CH. 93A CLASS ACTION DEMAND LETTER

CERTIFIED MAIL/RETURN RECEIPT REQUESTED

R. Scot Sellers
Chief Executive Officer, Archstone
9200 East Panorama Circle
Suite 400
Englewood, CO 80112

Ariel Amir, Esq.
General Counsel, Archstone
9200 East Panorama Circle
Suite 400
Englewood, CO 80112

Archstone Registered Agent
155 Federal Street
Suite 700
Boston, MA 02111

Dear Messrs. Sellers and Amir:

Please be advised that I represent Maeve Glynn Hermida, Jefflee Hermida (the "Hermidas"), and those people similarly situated. For years, Archstone, via its various subsidiaries, entities, agents and assigns, including but not limited to Archstone-Smith Operating Trust, Archstone-Smith Trust and the individual rental properties now or formerly operating under the Archstone trade name[1] (collectively, "Archstone"), has violated Mass. G. L. c. 93A § 9 (the "Massachusetts Consumer Protection Act") and Mass. G. L. c. 186 § 15(b) (the "Security Deposit Statute"). Archstone has violated these statutes by charging tenants a so-called "amenity fee," or "amenity use fee." The "fee" is a one-time payment of an amount between $470 and $750 assessed at the inception of a tenant's initial lease term. This payment is not held in escrow for the benefit of the tenant; it does not accrue interest; it is non-refundable at the end

---

[1] The portfolio of residential rental properties in Massachusetts has changed over the years. Upon information and belief there are presently ten apartment developments operating under the Archstone name in Mass. These include Archstone Quincy, Archstone Quarry Hills, Archstone Bear Hill, Archstone North Point, Archstone CambridgePark, Archstone Cronin's Landing, Archstone Watertown Square, Archstone Boston Common, Archstone Avenir and Archstone Kendall Square. At least one property formerly owned by Archstone – Archstone Reading, where the Hermidas resided – has been sold.

of the tenancy; it is not used to offset first or last month's rent; it does not appear to be considered a security deposit (since it is non-refundable and not kept in an interest-bearing account); and it does not defray costs to replace the lock and key. As such, the charging of this "fee" at the tenancy's inception is a *per se* violation of the Security Deposit Statute.

The Hermidas are former tenants at Archstone's Reading property. After viewing the unit, the parties agreed to terms on a one-year lease. The terms of the lease included a $475 deposit to reserve the property and take it off the market. In May 2007, the Hermidas paid the deposit to Archstone and the property was reserved for their tenancy. The terms of the lease also compelled them to pay an "amenity fee." The Hermidas moved out in November 2009. No monies were remitted to them.

Massachusetts law is unambiguous in setting forth the only payments a landlord can collect from a tenant or a prospective tenant prior to the commencement of a tenancy. These payments are limited to: (i) first month's rent; (ii) last month's rent; (iii) a security deposit; and (iv) the cost to purchase and install a key and lock. G. L. c. 186 § 15B(1)(b). Assessing and collecting additional payments such as an "amenity fee" violates the Security Deposit Statute and the Massachusetts Consumer Protection Act. See 940 C.M.R. §3.17(4)(a). Thousands of other tenants who have resided at any of the Archstone properties in Massachusetts have been similarly harmed by these unfair and deceptive business practices.

Upon information and belief, Archstone maintains an interest in more than 425 residential communities throughout the United States and Europe, representing 80,000-plus units. Given Archstone's superior knowledge of the industry and Massachusetts landlord/tenant laws, the violation of the unambiguous mandates of the most fundamental landlord/tenant law – the Massachusetts Security Deposit Law – is, unquestionably, a willful and knowing violation of G. L. c. 93A. The Supreme Judicial Court has stated that G. L. c. 186 §15B is "unambiguous," Mellor v. Berman, 390 Mass. 275, 279 (1983), and must be interpreted as written. Given the unfair and deceptive business practice employed by Archstone, the Hermidas have suffered damages in the amount of $475.00, plus statutory interest since the date of payment. Other members of the putative class have incurred similar damages, each in the amount of the "amenity fee" that a particular property assessed, plus statutory interest.

Demand is hereby made on behalf of a class of people who have lived in Archstone properties in Massachusetts from August 3, 2006 up to and including August 3, 2010, for three times the "amenity fee" charged to the class members. Our best information suggests that Archstone owns and manages approximately 3,000 rental units in Mass. We assume for the purposes of this demand that each unit has been rented twice during the class period, and that the average amenity fee paid was $612.50 (the average between $475 and $750). The Hermidas therefore demand on behalf of the putative class $3,675,000 tripled pursuant to the Security Deposit Law and the Consumer Protection Act, or a total of **$11,025,000.**[2]

---

[2] See c. 186 §15B(2), (7); c. 93A; see, e.g., Comm. v. Chatham Development Co. Inc., 49 Mass. App. Ct. 525 (2000); Dolben Co., Inc. v. Friedmann, 2008 Mass. App. Div. 1, 2008 WL 81549; Carter v. Seto, 2005 Mass. App. Div. 62, 2005 WL 1383337; M.J. Realty Trust II v. Dinnocenzo, 2005 Mass. App. Div. 35, 2005 WL 75158; Tanella v. Hesson, 1995 Mass. App. Div. 170, 1995 WL 723079.

R. Scot Sellers                                                                                    3
Ariel Amir, Esq.
Archstone
August 3, 2010


The demand number is likely to change substantially if this matter proceeds to litigation, and the Hermidas specifically reserve their right to modify this demand in the event a reasonable tender of settlement is not made.

Notice is hereby given that you have thirty (30) days to respond to this demand with a reasonable settlement offer.  Failure to do so shall compel the commencement of a lawsuit wherein the Court is authorized to award treble damages, attorneys' fees, and costs as a punitive measure for Archstone's willful and knowing violation of the relevant statutes, plus statutory interest, which I have not accounted for here.

I look forward to receipt of your timely response.


                                        Very truly yours,

                                        Matthew J. Fogelman


cc:     Kevin T. Peters, Esq.
        Todd & Weld LLP
        28 State Street
        Boston, MA 02109

        Maeve and Jefflee Hermida



**FOGELMAN**
— & —
**FOGELMAN**

100 WELLS AVENUE
NEWTON, MA 02459



**CERTIFIED MAIL**™

7007 1490 0001 1941 6899



neopost
N042J80022927
**$5.59**
08/03/10
Mailed From 02459

US POSTAGE

Archstone Registered Agent
155 Federal Street
Suite 700
Boston, MA 02111

02110+1727

 **CT Corporation**

**TO:** Cynthia Dawson, Paralegal
Archstone
9200 E. Panorama Circle, Suite 400
Englewood, CO 80112

**RE:** **Process Served In Massachusetts**

**FOR:** Archstone (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RE: -- // To: Archstone |
| **DOCUMENT(S) SERVED:** | Letter |
| **COURT/AGENCY:** | None Specified<br>Case # None Specified |
| **NATURE OF ACTION:** | Letter of Intent - Threatening Litigation - Correspondence regarding charging tenants a so-called "amenity fee," or "amenity use fee" |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/05/2010 postmarked on 08/03/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Days |
| **ATTORNEY(S) / SENDER(S):** | Matthew J. Fogelman<br>Fogelman & Fogelman<br>100 Wells Avenue<br>Newton, MA 02459<br>617-559-1530 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790953920973<br>Image SOP<br>Email Notification, Tom Reif treif@archstonemail.com<br>Email Notification, Cynthia Dawson cdawson@archstonemail.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Dahrlena Mitchell<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>617-757-6404 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.