**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MAEVE AND JEFFLEE HERMIDA,<br>individually and on behalf of themselves and all<br>others similarly situated,<br><br>Plaintiffs,<br><br>-vs.-<br><br>Archstone, Archstone Avenir GP LLC,<br>Archstone Avenir LP, ASN Park Essex LLC,<br>ASN Quincy LLC, ASN Quarry Hills LLC,<br>ASN Bear Hill LLC, ASN North Point I LLC,<br>ASN North Point II LLC, ASN CambridgePark<br>LLC, Archstone Cronin's Landing, ASN<br>Watertown LLC, Archstone Communities,<br>LLC, Archstone Kendall Square, and Archstone<br>Reading.<br><br>Defendants. | Case No. 1: 10-cv-12083-WGY |

## ANSWER OF DEFENDANT ARCHSTONE KENDALL SQUARE

Defendant Archstone Kendall Square ("Defendant") responds to Plaintiffs' Class Action Complaint ("Complaint") as follows:

1.      Defendant admits that Plaintiffs purport to sue "on their own behalf and that of all others similarly situated," but denies that a class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 1 of the Complaint

2.      Defendant admits that Plaintiffs executed a lease agreement for an apartment at Archstone Reading on May 14, 2007.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and therefore denies those allegations.

3.      Defendant admits that Archstone, formerly known as Archstone-Smith Operating Trust, is a real estate investment trust organized under Maryland law.  Defendant also admits that Archstone's senior officers are based in Englewood, Colorado, and that those officers control company affairs and policy from that location.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations of Paragraph 4 of the Complaint.

5.      Defendant admits that ASN Park Essex LLC is a limited liability company organized in Delaware and headquartered in Colorado.  Defendant further admits that ASN Park Essex LLC is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts.  Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant admits that ASN Park Essex LLC is the legal owner of "Archstone Boston Common," a property located at 660 Washington Street, Boston, MA.  Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendant admits that Archstone Avenir GP LLC is a limited liability company organized in Delaware and headquartered in Colorado.  Defendant further admits that Archstone Avenir GP LLC is qualified to do business in Massachusetts.  Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendant admits that Archstone Avenir LP is a limited partnership organized in Delaware and headquartered in Colorado.  Defendant further admits that Archstone Avenir LP is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts.  Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

2

9.      Defendant admits that Archstone Avenir LP is the legal owner of the improvements described as "Archstone Avenir," located at 101 Canal Street, Boston, MA. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations of Paragraph 10 of the Complaint.

11.     Defendant admits that Archstone Cronin's Landing LLC is a limited liability company organized in Delaware and headquartered in Colorado.  Defendant further admits that Archstone Cronin's Landing LLC is qualified to do business in Massachusetts. Defendant further admits that Archstone Cronin's Landing LLC is the legal owner of "Archstone Cronin's Landing."  Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant admits that Archstone Cronin's Landing LLC is engaged in the business of leasing residential property to tenants in Massachusetts.  Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant admits that ASN CambridgePark LLC is a limited liability company organized in Delaware and headquartered in Colorado.  Defendant also admits that ASN CambridgePark LLC is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts.  Defendant also admits that ASN Cambridge Park LLC is the legal owner of "Archstone CambridgePark."  Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendant admits that ASN Kendall Square LLC is a limited liability company organized in Delaware and headquartered in Colorado.  Defendant also admits that ASN Kendall Square LLC is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts.  Defendant further admits

that ASN Kendall Square LLC is the legal owner of "Archstone Kendall Square." Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant admits that Archstone North Point LLC filed a certificate of withdrawal in August 2010. Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

16.     Defendant admits that Archstone North Point I LLC is a limited liability company organized in Delaware and headquartered in Colorado. Defendant also admits that Archstone North Point I LLC is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts. Defendant further admits that as of December 2, 2010, title to Archstone North Point was conveyed to Archstone North Point I LLC and that Archstone North Point I LLC is the current legal owner of "Archstone North Point." Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that Archstone North Point II LLC is a limited liability company organized in Delaware and headquartered in Colorado. Defendant also admits that Archstone North Point II LLC is qualified to do business in Massachusetts. Defendant further admits that as of December 2, 2010, title to vacant land that is intended to be developed as the second phase of "Archstone North Point" was conveyed to Archstone North Point II LLC. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendant admits that ASN Quarry Hills LLC is a limited liability company organized in Delaware and headquartered in Colorado. Defendant also admits that ASN Quarry Hills LLC is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts. Defendant further admits that ASN Quarry Hills LLC is the legal owner of "Archstone Quarry Hills," a property located at

333 Ricciuti Drive, Quincy, MA.  Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendant admits that ASN Quincy LLC is a limited liability company organized in Delaware and headquartered in Colorado.  Defendant also admits that ASN Quincy LLC is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts.  Defendant further admits that ASN Quincy LLC is the legal owner of "Archstone Quarry," a property located at 95 West Squantum Street, Quincy, MA.  Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant admits that ASN Bear Hill LLC is a limited liability company organized in Delaware and headquartered in Colorado.  Defendant also admits that ASN Bear Hill LLC is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts.  Defendant further admits that ASN Bear Hill LLC is the legal owner of "Archstone Bear Hill," a property located at 1449 Main Street, Waltham, MA.  Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendant admits that ASN Watertown LLC is a limited liability company organized in Delaware and headquartered in Colorado.  Defendant also admits that ASN Watertown LLC is qualified to do business in Massachusetts and is engaged in the business of leasing residential property to tenants in Massachusetts.  Defendant further admits that ASN Watertown LLC is the legal owner of "Archstone Watertown Square," a property located at 20 Watertown Street, Watertown, MA.  Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant admits that Archstone Communities LLC, formerly known as Archstone Smith Communities, LLC, is a limited liability company organized in Delaware and

headquartered in Colorado. Defendant further admits that Archstone Communities LLC is qualified to do business in Massachusetts. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant admits that "Archstone Reading" was a residential apartment complex and that ASN Reading LLC, the legal owner of "Archstone Reading," was dissolved after the sale of the complex. Defendant further admits that Plaintiffs executed a lease agreement for an apartment at Archstone Reading on May 14, 2007. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant admits that "Archstone 2000 Commonwealth" was a residential apartment complex located at 2000 Commonwealth Avenue, Brighton, MA, and that Archstone 2000 Commonwealth was sold on June 20, 2008. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant admits that "Archstone Burlington" was a residential apartment complex located in Burlington, MA, and that ASN-Massachusetts Holdings (1) LLC, the former legal owner of "Archstone Burlington," was dissolved after the sale of the complex on March 20, 2007. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant admits that "Archstone Canton" was a residential apartment complex located in Canton, MA, and that ASN-Massachusetts Holdings (2) LLC, ASN-Massachusetts Holdings (4) LLC, and ASN-Massachusetts Holdings (5) LLC, the legal owners of "Archstone Canton," were dissolved after the sale of the complex on March 29, 2007. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant admits that "Archstone Vinnin Square" was a residential apartment complex located in Salem, MA, and that Archstone Vinnin Square LLC, the former

legal owner of "Archstone Vinnin Square," was dissolved after the sale of the complex on September 20, 2007.  Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant admits that the United States District Court for the District of Massachusetts has jurisdiction over this action and denies the remaining allegations of Paragraph 28 of the Complaint.

29.     Defendant admits that venue is appropriate in the United States District Court for the District of Massachusetts, admits that Archstone has a resident agent appointed to accept service of process in Boston, MA, and denies the remaining allegations of Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 32 of the Complaint.

33.     Defendant denies the allegations of Paragraph 33 of the Complaint.

34.     Defendant denies the allegations of Paragraph 34 of the Complaint.

35.     Defendant denies the allegations of Paragraph 35 of the Complaint.

36.     Defendant denies the allegations of Paragraph 36 of the Complaint.

37.     Defendant denies the allegations of Paragraph 37 of the Complaint.

38.     Defendant denies the allegations of Paragraph 38 of the Complaint.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies those allegations.

40.     Defendant denies the allegations of Paragraph 40 of the Complaint.

41.     Defendant denies the allegations of Paragraph 41 of the Complaint.

42.     Defendant denies the allegations of Paragraph 42 of the Complaint.

43.     Defendant denies the allegations of Paragraph 43 of the Complaint.

44.     Defendant admits that Plaintiffs executed a lease agreement for an apartment at Archstone Reading on May 14, 2007.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint and therefore denies those allegations.

45.     Defendant admits that Plaintiffs paid an "amenity use fee," but denies that such fee violates Massachusetts General Laws Chapter 93A Section 9 or Massachusetts General Laws Chapter 186 Section 15B.  Defendant denies the remaining allegations of Paragraph 45 of the Complaint.

46.     Defendant admits that Plaintiffs paid an "amenity use fee," but denies that such fee violates Massachusetts General Laws Chapter 93A Section 9 or Massachusetts General Laws Chapter 186 Section 15B.  Defendant denies the remaining allegations of Paragraph 46 of the Complaint.

47.     Defendant admits that Plaintiffs paid an "amenity use fee," but denies that such fee violated Massachusetts General Laws Chapter 93A Section 9 or Massachusetts General

Laws Chapter 186 Section 15B.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the Complaint and therefore denies those allegations.

48.     Defendant admits that Plaintiffs paid an "amenity use fee," but denies that such fee violated Massachusetts General Laws Chapter 93A Section 9 or Massachusetts General Laws Chapter 186 Section 15B.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Complaint and therefore denies those allegations.

49.     Defendant admits that Plaintiffs paid an "amenity use fee," but denies that such fee violated Massachusetts General Laws Chapter 93A Section 9 or Massachusetts General Laws Chapter 186 Section 15B.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 of the Complaint and therefore denies those allegations.

50.     Defendant admits that Plaintiffs made a written demand for compensation on behalf of themselves and other similarly situated individuals in a letter dated August 3, 2010. Defendant denies that any class exists, denies that any of Plaintiffs' claims are appropriate for class action treatment, and denies the remaining allegations of Paragraph 50 of the Complaint.

51.     In response to the allegations of Paragraph 51, Defendant states that Archstone tendered a reasonable settlement offer to Plaintiffs in the amount of their entire amenity use fee, plus interest, but that Plaintiffs never responded to that offer.  Defendant denies that any class exists, denies that any of Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, denies that a demand made on

behalf of an uncertified class is proper under Massachusetts General Laws Chapter 93A, and denies the remaining allegations of Paragraph 51 of the Complaint.

52.     Defendant admits that Archstone is a real estate investment trust and the indirect parent of certain of the other Defendants that own residential apartment complexes in Massachusetts.  Defendant denies the remaining allegations of Paragraph 52 of the Complaint.

53.     Defendant denies that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 53 of the Complaint.

54.     Defendant admits that, based on the proposed class definition set forth in Paragraph 53 of the Complaint, the number of prospective class members numbers in the thousands.  Defendant denies, however, that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 54 of the Complaint.

55.     Defendant denies that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 55 of the Complaint.

56.     Defendant denies that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 56 of the Complaint.

57.     Defendant denies that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 57 of the Complaint.

58.     Defendant denies that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 58 of the Complaint.

59.     Defendant denies that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 59 of the Complaint.

60.     Defendant denies that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 60 of the Complaint.

61.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 61 of the Complaint, and therefore denies the same.

62.     Paragraph 62 contains no averment of fact to which a response is required. To the extent that one is required, Defendant denies the allegations of Paragraph 62 of the Complaint.

63.     Defendant denies the allegations of Paragraph 63 of the Complaint.

64.     Defendant denies the allegations of Paragraph 64 of the Complaint.

65.     Defendant denies that any class exists, denies that any of Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, and denies the remaining allegations of Paragraph 65 of the Complaint.

66.     Paragraph 66 contains no averment of fact to which a response is required. To the extent that one is required, Defendant denies the allegations of Paragraph 66 of the Complaint.

67.     Defendant denies the allegations of Paragraph 67 of the Complaint.

11

68.     Defendant denies the allegations of Paragraph 68 of the Complaint.

69.     Defendant denies the allegations of Paragraph 69 of the Complaint.

70.     Defendant admits that Plaintiffs made a written demand for compensation on behalf of themselves and other tenants in a letter dated August 3, 2010.   Archstone tendered a reasonable settlement offer to Plaintiffs in the amount of their entire amenity use fee, plus interest, but that Plaintiffs never responded to that offer.  Defendant denies that any class exists, denies that any of Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, denies that a demand made on behalf of an uncertified class is proper under Massachusetts General Laws Chapter 93A, and denies the remaining allegations of Paragraph 70 of the Complaint.

71.     Paragraph 71 contains no averment of fact to which a response is required. To the extent that one is required, Defendant denies the allegations of Paragraph 71 of the Complaint.

72.     Defendant denies the allegations of Paragraph 72 of the Complaint.

73.     Defendant denies that any class exists, denies that any of Plaintiffs' claims are appropriate for class action treatment under Fed. R. Civ. P. 23 or any other applicable rule, denies that Plaintiffs are entitled to the relief sought or to any relief whatsoever, and denies the remaining allegations of Paragraph 73 of the Complaint.  In response to the unnumbered "WHEREFORE" statement following paragraph 73, Defendant denies that any class exists, denies that Plaintiffs' claims are appropriate for class action treatment, and denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack either standing or capacity, or both, to bring some or all of the claims alleged.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct complained of was committed by  a person or person for whom Defendant bears no legal responsibility.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to issue a demand as required by Massachusetts General Laws Chapter 93A.

## NINTH AFFIRMATIVE DEFENSE

Recovery of Plaintiffs' alleged damages are limited by the applicable statutory ceilings on recoverable damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of in pari delicto and/or unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert equitable claims, those claims are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the consent of Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and/or putative class members resided in their units unlawfully.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any damages they have allegedly suffered, and such failure bars or reduces any recovery by them.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint alleges fraud, the fraud allegations in the Complaint have not been pled with particularity as required by Fed. R. Civ. P. 9(b) or any other applicable rule, and Plaintiffs' claims are barred, in whole or in part, by reason thereof.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Defendant invokes each and every statutory and common law defense available to it under the applicable laws of those other jurisdictions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot meet their burden to satisfy the strict requirements for certification of their putative class under Fed. R. Civ. P. 23 or any other applicable rule.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are unconstitutional and violate the due process clause of the 5th and 14th Amendments of the U.S. Constitution, and of Articles I, X, and XII of the Massachusetts Declaration of Rights, along with Massachusetts General Law Chapter 12 Section 11I, because the statutory standards under which such claims are submitted are so vague as to deprive Defendant of the protection of fundamental procedures.

## RESERVATION OF DEFENSES

Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserves its right to amend its Answer to assert any such defense.  Defendant also reserves its right to assert other and related defenses as may become available in the event of a determination that this action, or

some part thereof, is governed by the substantive law of Massachusetts or of any other applicable states' laws.

   **WHEREFORE**, Defendant requests the Court dismiss the Complaint in its entirety, and award Defendant its costs and expenses, including reasonable attorneys' fees, incurred in connection with this action, together with such other further relief as this Court may deem just and proper.

                                     Defendant
                                     ARCHSTONE KENDALL SQUARE

                                     By their attorneys,


                                     */s/ Diane R. Rubin*_____
                                     Diane R. Rubin, BBO # 547088
                                     drubin@princelobel.com
                                     Amy B. Hackett, BBO# 676345
                                     ahackett@princelobel.com
                                     **PRINCE, LOBEL, GLOVSKY & TYE LLP**
                                     100 Cambridge Street, Suite 2200
                                     Boston, MA 02114
                                     Tel:  617.456.8000

                                     And

                                     Peter Strand, Esq.
                                     Rebecca J. Schwartz, Esq.
                                     SHOOK HARDY & BACON, LLP
                                     2555 Grand Boulevard
                                     Kansas City, MO  64108-2613

Dated: December 9, 2010

## CERTIFICATE OF SERVICE

I, Diane R. Rubin, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 9, 2010.

*/s/ Diane R. Rubin*